# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

———————————

№ 05-CV-1783 (JFB) (MDG)

———————————

## YIN WANG AND YAP SHING CHAN,

Plaintiffs,

VERSUS

## YUM! BRANDS, INC., AND KFC RESTAURANT,

Defendants.

———————————

Memorandum and Order
May 22, 2007

———————————

JOSEPH F. BIANCO, District Judge:

Plaintiffs Yin Wang ("Wang") and her husband, Yap Shing Chan ("Chan"), bring this negligence action against defendants Yum! Brands, Inc., and KFC U.S. Properties, Inc., seeking to recover damages for injuries allegedly arising from Wang's slip and fall in a restaurant owned by defendants. Defendants now move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as against plaintiffs' tort claims and, in the alternative, to preclude plaintiffs from offering evidence of lost wages. Plaintiffs also cross-move for summary judgment as to the issue of defendants' liability. For the reasons that follow, defendants' motion is denied in part and granted in part, and plaintiffs' motion is denied in its entirety.

## I. BACKGROUND

### A. The Facts

The facts described below are taken from the parties' depositions. Upon consideration of a motion for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2001). [1]

———————————

[1] As an initial matter, the Court notes that both parties have failed to comply with Local Civil Rule 56.1. Local Civil Rule 56.1(a) provides that, "[u]pon any motion for summary judgment . . ., there shall be annexed to the notice of motion a separate, short and concise statement, . . . of the material facts as to which the moving party contends there is no genuine issue to be tried." Similarly, Local Civil Rule 56.1(b) provides that

Defendants own and operate the Kentucky Fried Chicken restaurant located at 40-42 Main Street in Flushing, Queens County, New York (hereinafter, "the restaurant"). (Pls.' Cert. ¶ 3.) At around 4:00 p.m. on October 15, 2004, while it was raining outside,[2] Wang entered the restaurant. (Wang Tr. at 18.) After ordering and picking up her food, Wang turned, walked four or five steps, then slipped and fell to the ground. (Wang Tr. at 18.)

Wang asserts that, when she entered the restaurant, the "ground was dry." (Id. at 28.) However, according to Wang, after she had fallen, she touched the floor with her hand and felt a "very, very slippery [substance]. . . like a soap, like a detergent." (Id. at 22, 70.) Wang also asserts that, after she had fallen, she saw an employee of the restaurant nearby mopping the floor. (Id.) According to Wang, there were no signs warning patrons that the floor was wet and/or slippery near the area where she fell. (Id.)

The restaurant's general manager, Archie Kuo ("Kuo"), testified that the area where Wang fell was "[a]lways wet" on rainy days, such as the day that Wang fell, due to customers tracking in rain water from outside. (Kuo Tr. at 161.) However, Kuo also testified that, on the day that Wang fell, floor soap had been applied to the floor at some point during the day, that employees used a certain type of chemical soap whenever they mopped the floor, and that there was "[s]upposed to be a lot of mopping" that day. (Id. at 94-95.) Furthermore, according to Kuo, at the time that Wang fell, the area where she fell was wet, although Kuo could not tell whether that wetness was due to the rain tracked in by customers, the floor soap that had previously been applied to the area, or some combination thereof. (Id. at 128.) Finally, Kuo testified that, although there was "supposed to be" a sign warning patrons whenever the floor was wet, Kuo did not recall seeing such a sign on the day that Wang fell. (Id. at 136.)

---

"papers opposing a motion for summary judgment shall include a . . . numbered paragraph responding to each numbered paragraph in the statement of the moving party." Here, neither party has submitted a statement at all; instead, they have submitted, respectively, an "Affirmation" and a "Certification" containing legal arguments, factual assertions, and a few citations to evidence in the record. The rules of this Court state that where the moving party fails to provide a Rule 56.1 statement, the Court is free to deny the motion. *See* Local Civil Rule 56.1(a). Similarly, where the opposing party fails to provide a separate statement containing factual assertions, the Court is free to disregard any assertions made by the opposing party. *See Watt v. New York Botanical Garden*, No. 98 Civ. 1095 (BSJ), 2000 WL 193626, at * 1 & n. 1 (S.D.N.Y. Feb. 16, 2000). The Court has examined the defendants' "Affirmation," plaintiffs' "Certification," and the entirety of the transcripts of the deposition testimony referenced therein for evidence in support of the parties' respective positions with regard to the instant motions. Because the Court is able to address the issues raised by the instant motions based upon the submissions of the parties, the Court will fully consider the motions even though the parties have failed to comply with Rule 56.1.

[2] The parties offer slightly differing characterizations of the weather that day: defendants assert that it was a "wet rainy day" (Defs.' Aff. ¶ 9), and plaintiffs assert that a "light rain" was falling from time to time (Pls.' Cert. ¶ 4). For the purposes of the instant motions, this distinction is of no material importance.

Wang asserts that, following her fall, she immediately experienced pain in her arms, back and lower back. (Wang Tr. at 23.) According to Wang, the pain has not decreased in intensity since the time she fell. (*Id.* at 58.) As a result, Wang asserts that, since the time of her fall, she has been physically unable to continue her prior work as a waitress in a Chinese restaurant in Philadelphia, Pennsylvania, or to work anywhere else. (*Id.* at 11, 63-64.)

## B. Procedural History

Plaintiffs filed the complaint in this action on March 1, 2005, in the Supreme Court of the State of New York, Queens County. Defendants removed the case to this Court on diversity grounds on April 8, 2005. The case was reassigned to the undersigned on February 10, 2006. Defendants submitted their motion for summary judgment on March 1, 2007. Plaintiffs submitted their cross-motion on March 30, 2007. Oral argument was held on April 4, 2007.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006). The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). The court "is not

to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). As the Supreme Court stated in *Anderson*, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247-48. Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

III. DISCUSSION

A. The Negligence Claim

Under New York law, "a landowner must maintain its premises in a reasonably safe condition." *Robinson v. Gov't of Malaysia*, 296 F.3d 133, 145 (2d Cir. 2001) (citing *Basso v. Miller*, 352 N.E.2d 868, 872 (N.Y. 1976)). In order "to establish a *prima facie* claim of negligence against a property owner stemming from a defective condition on the property, a plaintiff must show that the owner either created the condition or that he had actual or constructive notice of it." *Greco v. Starbucks Coffee Co.*, No. 05 Civ. 7639 (CM), 2006 WL 1982761, at *3 (S.D.N.Y. July 14, 2006); *see Tuthill v. United States*, 270 F. Supp. 2d 395, 400 (S.D.N.Y. 2003) (citing *Voss v. D & C Parkway*, 740 N.Y.S.2d 76 (N.Y. App. Div. 2002)); *see also Ulu v. ITT Sheraton Corp.*, 813 N.Y.S.2d 441, 442 (N.Y. App. Div. 2006); *Curtis v Dayton Beach Park No. 1 Corp.*, 806 N.Y.S.2d 664 (N.Y. App. Div. 2005); *Hilsman v. Sarwil Assocs., L.P.*, 786 N.Y.S.2d 225, 227 (N.Y. App. Div. 2004) ("[A] store owner 'cannot prevent some water and mud being brought into an entranceway on a rainy day and [] is not responsible for injuries caused thereby unless it is shown that . . . [the owner] failed to use care to remedy conditions which had become dangerous, after actual or constructive notice of such conditions.'") (quoting *Miller v. Gimbel Bros.*, 186 N.E. 410 (N.Y. 1933)) (collecting cases).

Here, defendants assert that there is no genuine issue as to whether they created the alleged defective condition or had actual or constructive notice thereof. Specifically, defendants argue that they are not liable for Wang's slip and fall because Wang herself tracked in the rain water upon which she fell, and, thus, they did not create or have notice of a defective condition. However, viewing the evidence in the light most favorable to plaintiffs, the Court finds that there is a genuine issue of material fact as to whether defendants created or had constructive notice of the defective condition that allegedly caused Wang to slip and fall.

The evidence in the record demonstrates that there is a genuine issue of fact as to whether defendants created the alleged defective condition by applying floor soap to the floor and failing to warn patrons of the potential hazards of which the restaurant's employees were aware.[3] First, plaintiffs point to the deposition testimony of Wang, wherein she asserts that, following her fall, she felt a slippery substance on the floor, and noticed a restaurant employee nearby mopping the floor. (Wang Tr. at 22.) Second, plaintiffs point to the deposition testimony of the restaurant's manager, Kuo. He testified that, at some point during the day in question prior to Wang's slip and fall, he instructed an employee at least once, and perhaps several times, to mop the area where Wang would eventually fall, and that such mopping usually involved the application of "floor soap." (Kuo Tr. at 95, 118, 130.) Kuo further testified that, after mopping the floor, it was the restaurant's practice to allow the wet floor to "be air dried," rather than to dry it manually. (*Id.* at 177.) Finally, Kuo testified

---

[3] Likewise, this conclusion also requires this Court to find that there is a genuine issue of material fact as to whether defendants had actual notice of the condition. *See, e.g., Ducrepin v. United States*, 964 F.Supp. 659, 664 (E.D.N.Y. 1997) ("A defendant has actual notice of a defect if it created the defect or gained actual knowledge of the defect's existence.") (citing *Torri v. Big V of Kingston, Inc.*, 537 N.Y.S.2d 629, 631 (N.Y. App. Div. 1989)) (additional citation omitted).

that, although there was "supposed to be" a sign warning patrons of the wet floor – presumably, due to the hazards arising from a wet and potentially slippery floor – Kuo did not recall seeing such a sign on the day that Wang fell.[4] (*Id.* at 136.) Therefore, viewing this evidence in the light most favorable to plaintiffs, the Court is unable to conclude that there is no genuine issue as to whether defendants created the alleged defective condition by applying a mixture of water and floor soap to the area in question, thus creating a dangerous condition, and leaving that condition unaddressed by failing to dry the area and/or to post a warning sign.[5]

Alternatively, the evidence viewed in the light most favorable to plaintiff also demonstrates that there is a genuine issue of material fact as to whether defendants had constructive notice of the alleged defective condition. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Taylor v. United States*, 121 F.3d 86, 90 (2d Cir. 1997) (quoting *Gordon v. Am. Museum of Natural History*, 492 N.E.2d 774, 775 (N.Y. 1986)); *see Kormusis v. Jeffrey Gardens Apt. Corp.*, 817 N.Y.S.2d 655, 656 (N.Y. App. Div. 2006) ("[T]he plaintiff must show that the defect existed for a sufficient time to have allowed the property owner the opportunity to discover and cure it.") (citations omitted). Furthermore, "the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the 'particular condition' at issue." *Taylor*, 121 F.3d at 90 (citations omitted).

Here, Kuo testified that the area where Wang fell was "[a]lways wet" on rainy days due to customers tracking in water, and that, when the area was wet, the restaurant's employees were supposed to "mop it up." (Kuo Tr. at 161.) Furthermore, although Kuo acknowledged that it was raining on the day of Wang's fall and that – due to either the application of the floor soap, the rain water tracked in by customers, or some combination thereof – the area where Wang fell was, in fact, wet, Kuo did not direct any of his employees in particular to "pay attention" to drying the area in question. (Kuo Tr. at 127-29, 161.) Finally, as noted *supra*, Kuo testified that, although there was "supposed to be" a sign warning patrons of the wet floor, Kuo did not recall seeing such a sign on the day that Wang fell. (*Id.* at 136.)

---

[4] Kuo also testified that there were no mats covering the area where Wang fell, but that a mat was placed in that area sometime after the date of the accident. (Kuo Tr. at 112-13.) However, by contrast, another employee of the restaurant, Ngaichiu Yuen, testified that there was a mat covering the area on the day of the accident. (Yuen Tr. at 85, 88.)

[5] Defendants argue that Wang herself carried water into the restaurant, thereby making the floor slippery and causing her to fall; in support of this argument, defendants have presented the declaration of the restaurant's assistant manager, Rommel Naanos. (*See* Defs.' Aff. ¶ 8; Naanos Decl. ¶ 3.) However, this argument, and the assertions by Naanos in support, contrast starkly with the respective statements of Wang and Kuo as to the central issue of identifying the cause of the wetness in the area where Wang fell. Therefore, viewing the evidence in the light most favorable to plaintiffs, the Court finds that there is a genuine dispute as to this material issue of fact and, thus, summary judgment is inappropriate as to plaintiffs' negligence claim.

Accordingly, at this juncture of the case, the Court is unable to resolve the issue of whether defendants had constructive notice of the specific condition identified by plaintiffs – namely, the slippery condition of the area where Wang fell on October 15, 2004 – because, viewing the evidence in the light most favorable to plaintiffs, a reasonable jury could conclude that defendants are liable because soap and/or rain water had made the restaurant's floor wet that day, that the wet floor presented a potential hazard to patrons, and that the wetness existed for a sufficient length of time prior to the alleged accident to permit defendants' employees to discover and to remedy the condition.

In sum, because there remain genuine issues of material fact as to whether (1) defendants created the alleged defective condition by mopping the floor, leaving it to air dry, and failing to post a warning sign; or (2) defendants had constructive notice of the condition because the area was always wet on rainy days, that it was, in fact, wet on the day of Wang's fall, and that defendants were aware that the wet floor presented a potential hazard to patrons, the Court denies defendants' motion as to plaintiffs' negligence claim.[6]

---

[6] The same issues of fact identified *supra* also preclude this Court from granting plaintiffs' cross-motion for summary judgment as to their negligence claims. Specifically, viewing the evidence in the light most favorable to defendants, a reasonable jury could conclude that Wang slipped on water she had tracked into the restaurant, and that defendants did not create or have actual or constructive notice of any defective condition. *See Dasher v. Wegmans Food Mkts., Inc.*, 758 N.Y.S.2d 585 (N.Y. App. Div. 2003) ("Although 'the testimony of plaintiff and defendant['s] employee raises issues of fact as to a regularly recurring dangerous condition of water

## B. The Loss of Consortium Claims

Plaintiffs also assert several derivative tort claims on behalf of Wang's husband, Chan, for loss of consortium. *See Goldman v. MCL Cos. of Chicago, Inc.*, 131 F. Supp. 2d 425, 427 (S.D.N.Y. 2000) ("The common law concept of consortium includes . . . loss of support or services, . . . love, companionship, affection, society, sexual relations, solace and more."). Defendants do not specifically move against plaintiffs' derivative tort claims, or offer arguments to that effect in their papers. Nevertheless, assuming *arguendo* that defendants' motion is also directed at such claims, because the Court, as set forth *supra*, denied defendants' motion as to plaintiffs' negligence claim, defendants' motion is likewise denied as to plaintiffs' derivative tort claims arising therefrom. *See id.* ("It is well established . . . that a loss of consortium claim is not an independent cause of action . . . and may only be maintained . . . pursuant to the primary tort.") (internal quotation marks and citations omitted); *O'Gorman v. Holland*, No. 97 Civ. 0842 (WHP), 2000 WL 134514, at *3 (S.D.N.Y. Feb. 3, 2000) ("A loss of consortium claim is not an independent cause

---

accumulating on the floor . . . and whether defendant[] should have corrected the condition in the exercise of reasonable care,' that evidence does not establish plaintiff's entitlement to judgment as a matter of law.") (internal citation omitted). Furthermore, these and other factual disputes also create a genuine issue of fact as to the alleged comparative negligence of Wang. *Id.* ("'[T]he question of a plaintiff's comparative negligence almost invariably raises a factual issue for resolution by the trier of fact.' Here, the evidence submitted by plaintiff does not establish a total absence of comparative negligence as a matter of law.") (quoting *Gudenzi-Ruess v Custom Environmental Sys.*, 622 N.Y.S.2d 833, 834 (N.Y. App. Div. 1995)) (additional citations omitted).

of action but is derivative in nature.").

## C. The Lost Wages Claim

Plaintiffs seek damages for Wang's past and future lost wages (collectively, "lost wages") arising from injuries allegedly suffered as a result of her slip and fall. Defendants argue that plaintiffs should be precluded from seeking such damages because Wang has failed to produce any documentary evidence of lost wages. (Defs.' Aff. ¶¶ 15-19.) For the reasons that follow, the Court finds that plaintiffs' evidence cannot demonstrate, as a matter of law, that Wang is entitled to damages for alleged lost wages, and, thus, plaintiffs are precluded from offering evidence as to Wang's alleged lost wages.[7]

Under New York law, the plaintiff has the burden of establishing damages for lost wages with "reasonable certainty, such as by submitting tax returns or other relevant documentation." *O'Connor v. Rosenblatt*, 714 N.Y.S.2d 327, 327-28 (N.Y. App. Div. 2000); *see, e.g., Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 743 (S.D.N.Y. 1996) ("'The basic rule is that loss of earnings must be established with reasonable certainty, focusing in part on the plaintiff's earning capacity both before and after' his injury.") (quoting *Clanton v. Agoglitta*, 615 N.Y.S.2d 68, 69 (N.Y. App. Div. 1994)); *Poturniak v. Rupcic*, 648 N.Y.S.2d 668, 669 (N.Y. App. Div. 1996) (applying the "reasonable certainty" standard to claims for lost past wages); *Beh v. Jim Willis & Sons Builders, Inc.*, 814 N.Y.S.2d 476, 477 (N.Y. App. Div. 2006) (applying the standard to claims for lost future wages); *Papa v. City of New York*, 598 N.Y.S.2d 558, 562 (N.Y. App. Div. 1993). In addition, it is well settled under New York law that the plaintiff's uncorroborated testimony as to the amount of lost past or future wages cannot, as a matter of law, satisfy the "reasonable certainty" standard. *See Lodato v. Greyhawk N. Am., LLC*, 2007 N.Y. Slip Op. 02901, at *2-*3 (N.Y. App. Div. April 3, 2007) (finding that the plaintiff "is, as a matter of law, not entitled to recover damages for past or future lost earnings" where "the only evidence supporting the

---

[7] The Court notes that neither party has cited any statutory or case law in support of their respective positions on this issue. Furthermore, although defendants argue that plaintiffs' "lost earnings claim . . . should be dismissed" (Defs.' Aff. ¶ 19), there is, of course, no independent cause of action for lost earnings under New York law. Instead, the Court construes defendants' motion as one for summary judgment that seeks to preclude plaintiffs from submitting evidence on the issue of lost wages to a factfinder as a matter of law. *See, e.g., Ruhlmann v. Ulster County Dep't of Soc. Servs.*, 234 F. Supp. 2d 140, 184 (N.D.N.Y. 2002) (granting summary judgment as against the plaintiff's claims for lost wages because "[the] plaintiff has presented insufficient and entirely speculative evidence to demonstrate that he suffered lost wages by the actions of the defendants"); *Kramer v. Showa Denko K.K.*, 929 F. Supp. 733, 745 (S.D.N.Y. 1996) (finding that, under New York law, "[b]ecause plaintiffs have failed to provide the Court with evidence to substantiate their claim of damages for [lost] income . . . the instant claim does not survive defendant's motion for summary judgment"); *Sharpe v. Allstate Ins. Co.*, 788 N.Y.S. 2d 234,

---

236 (N.Y. App. Div. 2005) (applying New York no-fault insurance law and granting summary judgment as against the plaintiff's "entirely speculative" claim for lost wages); *cf. D'Alessandro v. Am. Airlines, Inc.*, 139 F. Supp. 2d 305, 312 (E.D.N.Y. 2001) (denying summary judgment as to the plaintiff's negligence claims, and denying defendants' motion to preclude the plaintiff from offering evidence of lost earnings).

plaintiff's claims . . . was his own conclusory testimony. Unsubstantiated testimony, without documentation, is insufficient to establish lost earnings."); *DelValle v. White Castle Sys., Inc.*, 715 N.Y.S.2d 57 (N.Y. App. Div. 2000) (vacating jury award of damages for lost wages based solely on the plaintiff's testimony); *Nelson v. 1683 Unico, Inc.*, 668 N.Y.S.2d 375, 376 (N.Y. App. Div. 1998) ("[The] plaintiff's testimony of non-union jobs without supporting documentation failed to establish loss of any actual past earnings."); *Razzaque v. Krakow Taxi, Inc.*, 656 N.Y.S.2d 208, 210 (N.Y. App. Div. 1997) ("[P]laintiff's testimony of prior part-time employment, and new employment acquired on the day of the accident, was vague and unsubstantiated by any tax returns or W-2 forms. Thus, plaintiff's past or future earnings were never established with reasonable certainty.").

Here, plaintiffs' sole evidence as to the amount of Wang's lost wages is her own unsubstantiated testimony regarding her prior employment. Specifically, Wang has testified that, prior to suffering the injuries alleged here, she worked as a waitress in a Chinese restaurant in Philadelphia, Pennsylvania, where she worked six days each week, for ten hours a day. (Wang Tr. at 11.) According to Wang, her wages consisted solely of tips paid in cash, and her daily wages averaged approximately $100. (*Id.* at 14.) Wang asserts that, following her fall and due to the alleged injuries suffered therefrom, she was physically unable to continue working at the restaurant where she was previously employed, or elsewhere. (*Id.* at 63-64.)

However, it is undisputed that, at this time, after the close of discovery, Wang has not submitted pay stubs, tax returns, or any other documentary evidence of her prior earnings. Furthermore, Wang has failed to offer any corroboration of her testimony regarding her prior earnings, such as, for example, an affidavit from her former employer attesting to the amount of Wang's prior earnings. Therefore, because plaintiffs have failed to offer any evidence regarding Wang's lost wages beyond her own unsubstantiated testimony, the Court finds that plaintiffs cannot, as a matter of law, establish with "reasonable certainty" the amount of Wang's lost wages. *See, e.g., O'Connor*, 714 N.Y.S.2d at 327. Accordingly, there is no genuine factual issue as to whether plaintiffs can establish such damages with "reasonable certainty," and plaintiffs are henceforth precluded from seeking damages for lost past and future wages. *See Johnson v. Al Tech Spec. Steel Corp.*, 731 F.2d 143, 147 (2d Cir. 1984) (stating that, where the plaintiff "failed to document any claims for lost wages, . . . the trial court properly [] grant[ed] partial summary judgment"); *see also Holt v. Seversky Electronatom Corp.*, 452 F.2d 31, 35 (2d Cir. 1971) (affirming the granting of "summary judgment on the issue of lost wages").

IV. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment is DENIED as to plaintiffs' negligence and loss of consortium claims. Defendants' motion is GRANTED on the issue of lost wages, and plaintiffs are precluded from offering evidence on the issue of Wang's lost wages. Plaintiffs' cross-motion for summary judgment is DENIED in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: May 22, 2007
Central Islip, New York

* * *

The attorney for plaintiffs is Feng Li, Esq., 1719 Route 10 East, Suite 111, Parsippany, New Jersey 07054. The attorney for defendants is Andrew J. Funk, Esq., Smith Mazure Director Wilkins Young & Yagerman, P.C., 111 John Street, New York, New York 10038-3198.